IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Gregory Kewon Watson,         ) | Criminal Action No.: 4:04-cr-00965-RBH-1 |
| ) | Civil Action No.: 4:11-cv-70006-RBH |
| Petitioner,         ) | |
| ) | |
| v.         ) | **ORDER** |
| ) | |
| United States of America,         ) | |
| ) | |
| Respondent.         ) | |
| _____)| |

This matter is before the court with (1) Respondent's [Docket Entry 53] Motion to Dismiss filed on February 2, 2011, and (2) Petitioner's [Docket Entry 46] *Pro Se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") filed on December 30, 2010.[1] For the reasons set out below, the court grants Respondent's Motion to Dismiss and dismisses Petitioner's Motion to Vacate.

## Background

On December 14, 2004, a federal grand jury returned an indictment charging Petitioner with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). *See* Indictment [Docket Entry 2] at 1. On February 22, 2005, Petitioner pled guilty pursuant to a plea agreement. *See* Guilty Plea [Docket Entry 28]; Plea Agreement [Docket Entry 25].

The court conducted a sentencing hearing on July 29, 2005. Petitioner's [Docket Entry 31] Presentence Investigation Report ("PSR"), prepared by probation, indicated that Petitioner qualified as an armed career criminal because he had, at least, three (3) prior convictions for a violent felony

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

or serious drug offense. PSR, ¶ 29. At the sentencing hearing, the court ultimately adopted the PSR, after overruling Petitioner's objections. *See* Transcript [Docket Entry 53-2] at 5-7. The court sentenced Petitioner to a term of 200 months of imprisonment. *See id.* at 10. Judgment was entered accordingly on August 4, 2005. *See* Judgment [Docket Entry 32].

Petitioner thereafter filed a direct appeal. The Fourth Circuit Court of Appeals summarily affirmed Petitioner's conviction and sentence on March 7, 2006. *See* Order [Docket Entry 42]. Mandate issued on March 31, 2006. *See* Mandate [Docket Entry 43]. Petitioner filed a petition for a writ of certiorari with the United States Supreme Court. On October 2, 2006, the United States Supreme Court denied the petition for a writ of certiorari. *See Watson v. United States*, 549 U.S. 890 (2006).

On December 30, 2010, Petitioner filed the instant Motion to Vacate. On February 2, 2011, Respondent filed its Motion to Dismiss. Because Petitioner is proceeding *pro se*, this court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on February 3, 2011, advising Petitioner of the motion to dismiss/summary judgment procedure and the possible consequences if he failed to adequately respond. Petitioner's time period for responding to the Motion to Dismiss expired without Petitioner having filed a response. This matter is now ripe for adjudication.

## **Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such

a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). In deciding a § 2255 motion, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

## Discussion

In his Motion to Vacate, Petitioner "moved . . . to vacate his sentence imposed under 18 U.S.C. 924(e), based on United States v. McFalls, 592 F.3d 707 (6th Cir. 2010)." Pet'r's Memo. in Supp. [Docket Entry 46-1] at 1. In *McFalls*, the Sixth Circuit Court of Appeals held that "South Carolina's common-law crime of ABHAN [was] . . . not categorically a crime of violence." *McFalls*, 592 F.3d at 716. Petitioner now contends, in light of *McFalls*, that "his sentence was calculated under [the] false premise that [South Carolina's] ABHAN is a 'crime of violence' and that penalties in excess of those provided by 18 U.S.C. 922(g) were applicable."[2] Pet'r's Memo. in Supp. at 3. In response, Respondent contends that the Motion to Vacate should be dismissed as untimely.

The timeliness of Petitioner's Motion to Vacate is governed by 28 U.S.C. § 2255(f). That section provides the following:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
>    (1) the date on which the judgment of conviction becomes final;

---

[2] The court does note that Petitioner, in making this argument, recognized that *McFalls* is a Sixth Circuit case, and further indicated that "it appears . . . Assault and Battery of a High and Aggravated Nature (ABHAN) is still a 'crime of violence' in the Fourth Circuit." Motion to Vacate at 1.

3

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, Petitioner's Judgment became final on October 2, 2006, which was the date the United States Supreme Court denied his petition for a writ of certiorari. Petitioner then had one (1) year, specifically until October 2, 2007, in which to file his § 2255 Motion to Vacate. However, Petitioner did not file his Motion to Vacate at issue here until December 30, 2010, more than three (3) years after § 2255(f)(1)'s one-year limitation period had expired. Thus, Petitioner's Motion to Vacate is untimely under § 2255(f)(1).[3]

Petitioner failed to file a response to Respondent's Motion to Dismiss. However, it appears from a review of his Motion to Vacate and supporting memorandum that Petitioner believes the Motion to Vacate is timely based on the recent *McFalls* case. This argument is without merit. While a petitioner may timely file a § 2255 motion to vacate within one (1) year of a United States Supreme Court decision that recognizes a new right and makes it retroactively applicable to cases on collateral review,[4] this is not what occurred in this case. Most notably, the *McFalls* case relied upon by Petitioner is not a decision of the United States Supreme Court, and therefore does not reset the clock

---

[3] Petitioner does not allege that the Government wrongly prevented him from earlier filing a § 2255 motion to vacate, and therefore § 2255(f)(2) is not implicated.

[4] *See* § 2255(f)(3).

on the § 2255 limitation period. Additionally, while the Sixth Circuit in *McFalls* relied upon *Begay v. United States*, 553 U.S. 137 (2008),[5] in ruling that South Carolina's ABHAN conviction is not categorically a crime of violence, the United States Supreme Court issued its decision in *Begay* on April 16, 2008. Therefore, even if the court were to assume, without deciding, that Petitioner could have *timely* filed a § 2255 motion to vacate within one (1) year after the *Begay* decision, he failed to do so. Rather, the instant Motion to Vacate was filed on December 30, 2010, more than two (2) and half years after the Supreme Court issued its opinion in *Begay*. Accordingly, the Motion to Vacate is also untimely under § 2255(f)(3).[6] *See Berry v. United States*, No. 8:10-CV-79-T-30MAP, 2010 WL 883445, at *2 (M.D. Fla. March 5, 2010) (dismissing as untimely a § 2255 motion challenging career offender status because not filed within one (1) year of *Begay*); *see also Thomas v. United States*, No. 1:10-cv-225, 2011 WL 167267, at *3 (E.D. Tenn. Jan. 19, 2011) (holding that a § 2255 motion that claimed prior escape conviction no longer qualified as predicate offense for ACCA was time-barred because it was filed more than one (1) year after the decision in *Chambers v. United States*, 555 U.S. 122 (2009)); *United States v. Nelson*, No. 10-cv-61, 2010 WL 4806976, at *3-*4 (W.D. Wis. Nov. 22, 2010) (similar holding).

---

[5] The *Begay* case was the most relevant and most recent United States Supreme Court decision relied upon by the Sixth Circuit in *McFalls*.

[6] Additionally, to the extent Petitioner may be contending that his Motion to Vacate is timely under § 2255(f)(4), he has not shown that the Motion to Vacate is timely under that subsection. Section 2255(f)(4) provides that a motion to vacate is timely if filed within one (1) year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." While Petitioner did state in his Motion to Vacate that the *McFalls* decision "establishe[d] new facts as a basis for []his claim," *see* Motion to Vacate at 1, "[a] legal decision is not a 'new fact' for purposes of [§ 2255(f)(4)]," *United States v. Freeman*, No. 1:03CR00018, 2009 WL 2241336, at *2 (W.D. Va. July 27, 2009). Stated similarly, "[t]he limitation provided for in § 2255(f)(4) goes to newly discovered facts or evidence, not . . . a change in the law." *United States v. Anderson*, No. 3:05-179-CMC, 2010 WL 4721135, at *1 (D.S.C. Nov. 15, 2010). Accordingly, the rule of law announced in *McFalls* is not a "new fact" and therefore does not provide Petitioner with a new one-year limitation period.

5

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and by demonstrating that any dispositive procedural ruling by the district court is debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

### Conclusion

The court has thoroughly reviewed the entire record, memoranda, and applicable law. For the reasons stated above, it is therefore **ORDERED** that Respondent's Motion to Dismiss is **GRANTED** and Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is hereby **DISMISSED**, *with prejudice*, as time-barred.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                        s/R. Bryan Harwell
                                        R. Bryan Harwell
                                        United States District Judge

Florence, South Carolina
March 28, 2011