IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Gregory Kewon Watson, | ) | 4:14-cv-03383-RBH |
| | ) | 4:04-cr-00965-RBH |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

This matter comes before the Court upon the *pro se* motion of the petitioner, Gregory Kewon Watson, pursuant to 28 U.S.C. § 2255, filed on August 18, 2014 [docket numbers 61 and 66][1]. The Court has preliminarily reviewed the petition pursuant to Rule 4 of the Rules for Section 2255 Cases and determined that the government should not be required to file an answer. ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.")

The petitioner previously filed a 28 U.S.C. § 2255 motion on January 7, 2011. By Order dated March 28, 2011, this Court granted the respondent's motion to dismiss on the basis of timeliness and dismissed the petition with prejudice.

---

[1] The filing date is governed by *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court). The Court has utilized the mailing date of the initial petition that was not on the court form to determine the filing date of the petition.

1

Because the petitioner has previously filed a § 2255 petition which was adjudicated on the merits, the present petition is successive. "[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)); <u>see</u> <u>also</u> 28 U.S.C. § 2255 ("A second or successive motion [under this section] must be certified as provided in § 2244 by a panel of the appropriate court of appeals[.]").  In the absence of pre-filing authorization, the district court lacks jurisdiction to consider a motion under § 2255.  <u>See</u> *Winestock*, 340 F.3d at 205. The docket does not reflect any such authorization. The court dismisses the Section 2255 petition (#61 and #66) without prejudice to allow the petitioner to seek written permission from the Fourth Circuit Court of Appeals to file a second or successive petition pursuant to 28 U.S.C. § 2255.

**<u>Certificate of Appealability</u>**. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).  When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right.  *Slack*, 529 U.S. at 484-85.  In the instant matter, the court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

2

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence,  South Carolina
October 28, 2014